## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY JAMES COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-400 (JLH) |
| | ) | |
| PHH MORTGAGE SERVICES CORPORATION, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

I.  Introduction

On March 31, 2025, *pro se* Plaintiff Timothy James Cooper, of Wilmington, Delaware, filed a complaint in the above-captioned civil action. (D.I. 2.) Defendants PHH Mortgage Services Corporation and Wells Fargo Bank, National Association have moved to dismiss the complaint. (D.I. 21.) The Court will grant Defendants' motion to dismiss and grant Plaintiff leave to amend the complaint and serve it.

II.  Background

Defendants are alleged to be the mortgage servicer and lender for Plaintiff's home in Delaware, the address of which is unspecified. (D.I. 2 at 1-4.) Plaintiff contends that Defendants violated the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Federal Trade Commission Act (FTCA), the Consumer Financial Protection Act (CFPA), and state laws. Plaintiff seeks money damages, a declaratory judgment, injunctive relief to "enjoin Defendant[s] from proceeding with impending foreclosure pending full forensic audit" and requiring "Defendant[s] to provide full disclosure to Plaintiff of all loan transactions,

securitizations, and credit applications tied to Plaintiff's mortgage," as well as "any further relief deemed just equitable, and proper." (*Id.* at 4.)

Plaintiff contends that Defendants violated TILA by failing to "clarify the securitization and third-party sale of the promissory notice, violating Plaintiff's right to full disclosure of all material facts," selling and securitizing Plaintiff's loan "immediately after origination, contradicting the original contract terms," and failing to disclose that "Plaintiff's credit was leveraged to generate financial instruments, yet no compensation or offset was provided." (*Id.* at 2-3.) Plaintiff contends that Defendants violated RESPA by "[i]mproper application of payments, leading to deceptive late fees and foreclosure threats" and "[f]ailure to verify ownership and chain of title, preventing Plaintiff from exercising their statutory rights." (*Id.* at 3.) Defendants are also alleged to have violated the FTCA, and possibly the CFPA, by "[i]nducing Plaintiff into a loan agreement under false pretenses, failing to disclose material risks," "[f]oreclosing without legal standing, lacking proper endorsement, chain of title, and full account," and "[r]efusing to acknowledge lawful tenders and credit offsets, inflating the debt unlawfully." (*Id.*) Plaintiff further contends that Defendants "knowingly misrepresented" the "true lender and ownership of the loan," the "true method of payment securitization of the mortgage," and "Plaintiff's rights to equitable relief under consumer protection laws." (*Id.* at 4.)

III.  Legal Standard

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.*

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

IV.  Discussion

Defendants argue that the complaint fails to state a claim because it "contains no factual allegations to support [Plaintiff's TILA, RESPA, FTCA, possible CFPA, and fraud] claims." (D.I. 22 at 4.) I agree. The complaint only contains conclusory statements, and "legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Plaintiff needs to allege the facts about what happened so that the Court can assess if he has stated a plausible claim.

With consideration for Plaintiff's *pro se* status, Plaintiff will be granted leave to amend the complaint. But amendment is futile for purported claims under § 5 of the FTCA (which outlaws unfair and deceptive acts and practices) and the CFPA. Neither § 5 of the FTCA nor the CFPA

creates a private right of action. *See Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (collecting cases concluding that there is no private right of action under § 5 of the FTCA); *Conway v. U.S. Bank, Nat'l Ass'n*, No. 18-4916, 2018 WL 6417346, at *3 (E.D. Pa. Dec. 6, 2018) (collecting cases concluding that there is no private right of action under the CFPA).

The Court does not know the status of the foreclosure proceedings, but Plaintiff is advised that he cannot seek review of a state court foreclosure action in this Court. The *Rooker-Feldman* doctrine precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see, e.g.*, *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 948 (3d Cir. 2010) (applying the *Rooker-Feldman* doctrine in the foreclosure context). To the extent the foreclosure proceedings are ongoing, the *Younger* doctrine precludes federal court interference when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989); *see, e.g.*, *Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361 (3d Cir. 2016) (applying the *Younger* doctrine in the foreclosure context).

In addition, because the record suggests that Defendant PHH Mortgage Services Corporation was not served with the complaint and exhibits, and Defendant Wells Fargo Bank, National Association, was not served with the exhibits, dismissal is also warranted under Federal Rule of Civil Procedure 12(b)(5).

V.    Conclusion

THEREFORE, on this 3rd day of February 2026, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 21) is **GRANTED**.

2. The complaint (D.I. 2) is **DISMISSED**.  Plaintiff is granted leave to file an amended complaint **on or before April 6, 2026.  Plaintiff must serve the amended complaint on Defendants in accordance with Federal Rule of Civil Procedure 4.**

3. Plaintiff's "Emergency Motion to File Under Seal" (D.I. 5) is GRANTED-IN-PART to the extent it seeks to seal Exhibits I and J thereto (D.I. 5-10, 5-11), which contain Plaintiff's social security number.  The motion is otherwise denied.

4. Plaintiff's "Emergency Motion to File Documents Under Seal" (D.I. 14) is DENIED.  Should Plaintiff file an amended complaint, and should he seek to seal any portion of his amended complaint or exhibits thereto, he may petition the Court at the time of filing of the amended complaint.

5. Plaintiff's "Motion to Amend Case Caption to Reflect Complete Party Joinder" (D.I. 16) is DENIED, as Plaintiff has been granted leave to file an amended complaint.

6. Non-party Lynn E. Roberts, III's request to stay the proceedings (D.I. 36) is DENIED.  The Court has taken into account Plaintiff's alleged medical issues in granting him 60 days to amend his complaint.

_____
The Honorable Jennifer L. Hall
United States District Judge